**The Law Office of Colleen Kerwick**
*Attorney and Counselor at Law*
1178 Broadway, 3rd Floor, #1245
New York, New York 10001
Tel: (917) 439-0836
attorneycolleenkerwick@aol.com

**VIA ECF**

July 10, 2026

MEMO ENDORSED

Honorable Gary Stein
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

| | |
|---|---|
| Case | : Houston v. Equinox Holdings, Inc., et al., |
| No. | : 25-CV-6884 (VSB)(GS) |
| Re: | : Letter Motion re Protective Order and to file Tax Returns under Seal |

Dear Judge Stein:

We represent Plaintiff Eric Houston in the above-referenced action. We write to respectfully request that the Court "So Order" the enclosed Protective Order, annexed hereto as Exhibit A and to permit their filing under seal. The parties met and conferred and agreed upon the confidentiality of Tax Returns to be subject to a Protective Order and exchanged on July 10, 2026.

Defendants have served discovery demands upon Plaintiff seeking Plaintiff's federal and state income tax returns and related financial records. Plaintiff respectfully submits that such tax returns should be exchanged only pursuant to a Court-ordered confidentiality stipulation, so that this information is used solely for purposes of this litigation and is not disclosed beyond counsel of record, the Parties, retained experts, and the Court, absent further Order of the Court.

The enclosed Stipulation and Protective Order is based upon, and consistent with, this Court's Model Stipulation and Protective Order.

Respectfully submitted,

**THE LAW OFFICE OF COLLEEN KERWICK**

By: ______________________
Colleen Kerwick, Esq.
Attorney for Plaintiff Eric Houston

Enclosure:

*Exhibit A – Proposed Protective Order*

cc (via ECF):

Patrick McPartland, Esq.
Jared E. Blumetti, Esq.
LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland
Attorneys for Defendants

Application denied without prejudice. Although Plaintiff states that Defendants have conferred and agreed upon the confidentiality of Plaintiff's tax returns "subject to a Protective Order," he does not specify whether Defendants consented to the precise language in the Proposed Protective Order. Moreover, the Proposed Protective Order does not contain the signatures of counsel for both parties, as set forth in this Court's Model Protective Order. Finally, the Proposed Protective Order does not set forth a procedure for the filing of materials under seal, such as the procedure set forth in the Court's Model Protective Order, paragraphs 11-13.

Separately, the Court notes that Plaintiff has filed the tax returns under seal on the docket. (Dkt. No. 38). However, "document productions during discovery should not be filed on the docket" unless related to relevant motion practice or ordered by the Court. *SPV-LS, LLC v. Bergman*, No. 15 Civ. 6231 (KAM), 2019 WL 1552914, at *11 (E.D.N.Y. Apr. 10, 2019); *see also Fed. Deposit Ins. Corp. v. US Mortg. Corp.*, No. 13 Civ. 517 (EK) (AYS), 2023 WL 11899890, at *2 (E.D.N.Y. Oct. 30, 2023), *R&R adopted*, 2025 WL 1550897 (E.D.N.Y. June 2, 2025). There is no pending motion to which the tax returns are relevant. The Court does not need to view the tax returns to enter a protective order.

Accordingly, the Clerk of Court is respectfully directed to strike the filings at Docket Numbers 36, 38, and 39, and close the open motion at Docket Number 37. The parties shall jointly submit a Stipulation and Proposed Protective Order in line with this order by no later by no later than Wednesday, July 22, 2026.

SO ORDERED.

Date: New York, New York
July 14, 2026

Gary Stein
United States Magistate Judge
Southern District of New York